UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIMANUNGKALIT,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S.<br>Department of Homeland Security, et al.,<br><br>                              Respondents. | Case No.:  26-cv-1755-RSH-AHG<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

On March 20, 2026, petitioner Robert Simanungkalit filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondents have filed a return. ECF No. 3.

Petitioner contends that pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001), he must be released from immigration custody because there is no significant likelihood that he can be removed in the reasonably foreseeable future. ECF No. 1 at 1–2, 9–15. This Court has jurisdiction to review such a claim on a petition for writ of habeas corpus. *Zadvydas*, 533 U.S. at 699 ("Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to

answer that question.").

In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Respondents agree that, pursuant to *Zadvydas*, "Petitioner is entitled to be released from custody subject to conditions of supervision." ECF No. 3 at 1.

Accordingly, the Petition is **GRANTED**. Respondents are ordered to release petitioner Robert Simanungkalit from custody ***within one (1) business day of the date of this order***, subject to such terms of supervision as may be appropriate. The Court declines to issue further injunctive relief; the Petition does not set forth an adequate legal basis for issuing a permanent injunction, on a petition for writ of habeas corpus, that would determine the terms on which Petitioner can be removed in the future.

**IT IS SO ORDERED**.

Dated: March 27, 2026

Hon. Robert S. Huie
United States District Judge

2

26-cv-1755-RSH-AHG